**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   AMANDA U LEVY,                             No. C-13-02076 DMR

12            Plaintiff(s),                    **ORDER CONSTRUING PLAINTIFF'S
                                               NOTICE OF APPEAL [DOCKET NO. 8]**
13       v.                                    **AS A MOTION FOR
                                               RECONSIDERATION; DENYING**
14   GOOGLE INC,                               **PLAINTIFF'S MOTION FOR
                                                RECONSIDERATION**
15            Defendant(s).

16   _____/

17        On June 24, 2013, this court issued an order granting Plaintiff's motion for leave to proceed

18   in forma pauperis and dismissing her complaint for failure to state a claim on which relief may be

19   granted pursuant to 28 U.S.C. § 1915(e).  [Docket No. 6.]  The court gave Plaintiff until July 8, 2013

20   to file an amended complaint.  Plaintiff did not do so.  On July 10, 2013, the court dismissed the case

21   for failure to prosecute.  [Docket No. 7.]  On July 25, 2013, Plaintiff filed a notice of appeal to the

22   Ninth Circuit.  [Docket No. 8.]  However, it appears that Plaintiff intended to file a motion for

23   reconsideration of the July 8, 2013 deadline for filing an amended complaint with this court, rather

24   than an appeal to the Ninth Circuit.  *See* Docket No. 9 ("Your Honor, I would like to thank you for

25   granting me leave to amend my complaint for the above-captioned cases [C-13-2075 and C-13-

26   2076].  Unfortunately, I did not receive your letter.  Hence, I would like to appeal the Order of

27   Dismissal for failure to Prosecute . . . I pray you would allow me to proceed with [the amended

28

**United States District Court**
For the Northern District of California

1    pleadings] in your courtroom."). Accordingly, this court will construe Plaintiff's notice of appeal as

2    a motion for reconsideration of the July 8, 2013 deadline for filing an amended complaint.

3          Absent "highly unusual circumstances," reconsideration is appropriate only where (1) the

4    court is presented with newly-discovered evidence, (2) the court committed clear error or the initial

5    decision was manifestly unjust, (3) there is an intervening change in controlling law. *School Dist.*

6    *No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). A motion for

7    reconsideration cannot be based on evidence that could reasonably have been discovered prior to the

8    court's ruling on the original motion. *See Hopkins v. Andaya,* 958 F.2d 881, 887 n. 5 (9th Cir.1992),

9    *abrogated on other grounds by Saucier v. Katz,* 533 U.S. 194, 201 (2001) *and Scott v. Henrich,* 39

10   F.3d 912, 915 (9th Cir.1994). Whether to grant or deny a motion for reconsideration is in the sound

11   discretion of the district courts. *Navajo Nation v. Norris,* 331 F.3d 1041, 1046 (9th Cir.2003).

12         None of the circumstances under which a court ordinarily reconsiders its prior decisions are

13   present here; instead, Plaintiff's only basis for seeking reconsideration is that she did not receive the

14   court's order granting her leave to file an amended complaint. That order was duly served on

15   Plaintiff at the address she provided in her complaint. *See* Docket Nos. 1 and 6-1 (Proof of Service).

16   Under these circumstances, the court declines to reconsider its prior orders.[1] Plaintiff's motion to

17   receive court documents via email [Docket No. 12] is denied.

18         IT IS SO ORDERED.

19   Dated: August 14, 2013

20                                                                    _____
                                                                     DONNA M. RYU
21                                                                   United States Magistrate Judge

22

23

24

25

26

27         [1] In any event, the court notes that Plaintiff's proposed amended complaint fails to correct the
     deficiencies noted in the court's June 24, 2013 order dismissing the case, and still does not state a claim
28   on which relief can be granted. *See* Docket No. 9.

2